IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**KAREN KEYS**,

    Plaintiff,

v.

**DOUGLAS WATSON AND OVERLAND CHARTERS, INC., a Kansas for profit corporation,**

    Defendants.

---

**COMPLAINT and JURY DEMAND**

---

Plaintiff Karen Keys, by and through the undersigned counsel, and states for her Complaint and Jury Demand as follows:

### I.  INTRODUCTION

This is an action for bodily injury to Plaintiff arising from an automobile collision that occurred on or about January 21, 2018. Plaintiff was a passenger in a Freightliner Corp Tractor Trailer that, after jackknifing on Interstate 70 at mile point 417 in Kit Carson County, Colorado, was hit by a 2013 Prevost Bus driven by Defendant Douglas Watson (hereinafter "Defendant Watson"). At the time of the collision, Defendant Watson was employed and working within the scope of his employment with Defendant Overland Charters, Inc. (hereinafter "Defendant Overland"). As a result, Plaintiff sustained significant injuries, damages and losses.

1

## II.  PARTIES

1. Plaintiff is a citizen of the United States and, at all times relevant, was a resident of and domiciled in Franklin County, Ohio.

2. Upon information and belief, Defendant Watson is a citizen of the United States and, at all times relevant, was a resident of and domiciled in Sedgwick County, Kansas, with an address of 9104 Elm Street East, Wichita, KS 67206.

3. Upon information and belief, Defendant Overland is a Kansas for profit corporation in good standing. The registered agent for Defendant Overland is Kelly Fankhauser, 710 Waco, El Dorado, KS 67042.

## III.  JURISDICTION AND VENUE

4. The Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. 1332, as Plaintiff is a resident of Ohio and Defendants Watson and Overland (a Kansas for profit corporation) reside in Kansas.

5. Venue is proper as the collision that is the subject of this lawsuit occurred within the U.S. District of Colorado in Kit Carson County, Colorado.

6. The amount in controversy, without interest and costs, exceeds the sum or value of $75,000.00 as specified by 28 U.S.C. 1332(a).

## IV. FACTUAL ALLEGATIONS

7. On January 21, 2018, Plaintiff was a passenger in a 2017 Freightliner Corp. truck tractor and semi-trailer operated by Sonny Vance (hereinafter "Vance").

8. Vance was travelling eastbound on I-70 at or near mile point 417 when, due to road/weather conditions, his vehicle jackknifed in the roadway of I-70. Vance's vehicle came to rest with the truck tractor facing west towards eastbound traffic and the semi-trailer was off the south side of the roadway.

9. At this same time, Defendant Watson was operating a 2013 Prevost Bus travelling eastbound on I-70 several minutes behind Vance's vehicle. Even though many cars and trucks avoided the jackknifed truck, Defendant Watson, in operating his vehicle too fast for road conditions and traffic, was unable to stop his vehicle in time and, as a result, collided with Vance's vehicle.

10. At the time of the collision, Defendant Watson was acting within the scope and course of his employment with Defendant Overland.

11. As a result of Defendant Watson's negligence, Plaintiff suffered severe injuries and, as a result, incurred significant damages as set forth more fully below.

## V.   STATEMENT OF CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**(Negligence of Defendant Watson)**

12. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint as though fully incorporated herein.

13. Defendant Watson owed a duty to Plaintiff and others on the roadway to operate his vehicle in a safe and reasonable matter.

14. Defendant Watson breached this duty when he failed to decrease the speed of his vehicle to a reasonable and prudent speed due to weather and highway conditions and, as a result, collided with Vance's vehicle.

15. As a direct result of Defendant Watson's negligence, Plaintiff sustained significant injuries, damages, and losses.

### SECOND CLAIM FOR RELIEF
**(Negligence *per se* of Defendant Watson)**

16. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint as though fully incorporated herein.

17. Defendant Watson's actions of driving too fast for conditions operated his vehicle in a negligent and careless manner and violated C.R.S. §42-4-1101(3), driving a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions that exist.

18. As a direct result of Defendant Watson's negligence, Plaintiff sustained significant injuries, damages, and losses.

### THIRD CLAIM FOR RELIEF
**(Doctrine of *Respondeat Superior*)**

19. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint as though fully incorporated herein.

20. At the time of the collision, Defendant Watson was working within the scope and course of his employment with Defendant Overland.

21. Pursuant to the Doctrine of *Respondeat Superior*, Defendant Overland is liable for the negligent acts of Defendant Watson.

22.     As a direct result of Defendant Overland's negligence, Plaintiff sustained significant injuries, damages, and losses.

## DAMAGES

23.     Plaintiff hereby incorporates the foregoing paragraphs of this Compliant as though fully incorporated herein.

24.     As a direct result of Defendants' negligence, Plaintiff sustained injuries, some permanent, including, but not limited to the following:

    a.     Left rotator cuff with superimposed full-thickness perforation of the anterior supraspinatus insertion, disrupted biceps tendon, chronic mild subacromial and subdeltoid bursitis.

    b.     Right shoulder rotator cuff tear of the supraspinatus and partial tearing of the infraspinatus subscapularis.

    c.     Subluxation of right bicep tendon out of the bicipital groove and fraying of the posterior labrum.

    d.     Contusion and sprain of thoracic spine.

    e.     Right parascapular strain.

    f.     Right wrist contusion.

    g.     Right abdominal wall strain.

    h.     Right anterior hip/ASOS contusion.

    i.     Head contusion and traumatic brain injury.

25. As a further result of Defendants negligence, Plaintiff sustained economic and non-economic losses, including, but not limited to, past and future lost wages, past and future medical expenses, pain and suffering, loss of enjoyment of life, mental anguish, disfigurement, impairment and substantial inconvenience.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants in an amount to fully compensate her for her damages, injuries, and losses together with statutory interest, costs, expert witness fees, attorney's fees, and such other relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL IN THIS MATTER.**

Respectfully submitted this __8th__ day of January, 2021.

SEARS & ASSOCIATES, P.C.

*/s/ Lance M. Sears*
Lance Michael Sears, #6680
2 N. Cascade Avenue, Suite 1250
Colorado Springs, CO 80903
Phone: (719) 471-1984
Fax: (719) 577-4356
Email: lance@searsassociates.com
Attorney for Plaintiff

Plaintiff's Address:
3366 Eisenhower Road
Columbus, OH   43224